Equity. — After the coming in of the answer it was moved to dissolve the injunction. The bill stated that the plaintiff purchased a tract of land of the defendant, for which he gave his bond; upon which judgment had been recovered at law. It averred that the defendant had no title nor could he make one.
The answer stated that the defendant had a perfect title, that he brought suit in the County Court, and obtained judgment, upon which the defendant appealed, and gave two persons as security, who were also security for the injunction; that the *Page 326 
defendant had conveyed away all his property, and the two securities were about removing, as he believed, and if so he feared the whole debt might be lost. HAYWOOD and BARRY, in order to support the statement of the bill in relation to want of title in the defendant, moved to read the affidavit of M'Chilton, who, it was suggested, had surveyed the land the defendant claimed, and found it did not include that sold to the plaintiff. In support of this motion were cited 2 Eq. Cas. Abr. 14; 2 Hay. 136, 150; 1 Hay. 123; 2 Har. Ch. 257, 259; 2 Com. Dig. tit. Chancery D.; 9 Chan. 209; 2 Br. Ch. 15; Ibid. 182, 186.
WHITE, e contra. — If affidavits are received to keep up an injunction, they should be received in opposition. Mr. HAYWOOD says, "no money is to be had on account of the peculiar situation of the country, in consequence of the embargo," and the plaintiff may have his property sold for little or nothing, which would be an irreparable injury. So it would be to us, if we do not get our money. Perhaps the times are no less strange than hard, but the Court are not to turn politicians and make strange decisions. It is argued that the answer is evasive, therefore the affidavit ought to be received. The answer meets the charge in the bill, and we are not bound to go further. In reality we have no security for this debt; the same men who were security for the appeal are security here which in fact amounts to none, and the law is evaded.
HAYWOOD insisted that, as the law was referred to by the defendant, the title papers, or copies, ought to have been produced, so as to enable the Court to judge.
The defendant should have shown his title[1] so that the Court might be able to judge whether the plaintiff would get a good title or not. There are complaints on both sides. The plaintiff may have fifteen days to give additional security to the clerk and master, and if not done the injunction to be dissolved. In no case can affidavits be received *Page 327 
to keep up an injunction, except where irreparable mischief would follow from the delay of entering into the plaintiff's case till the hearing, as in cases of waste, c. The case of Isaacks v.
Humpage, in 3 Br. Ch. 463, and the case of Davis's Executors v.
Fulton, at Knoxville, are exemplifications of this rule. The Court cannot do it in ordinary cases, and therefore it cannot be done in this.
HAYWOOD moved that a survey might be ordered, so as to see if the land sold was within the defendant's claim, or Donnelson's grant.
[1] See Taunton, 430.