Per CuriaM.
 

 William Moore heretofore filed his bill for an injunction against a judgment at law, recovered by the administrators of Cooke, against him, on a suit commenced * by Cooke before his death. The bill states, that the bill single, on which judgment was recovered, were executed in consideration of a bond dated April, 1811, that Cooke would make a fee simple deed with general warranty to lot No. 57, in the town of Carthage; that the lot was not returned for taxes for that year, and was by order of court sold for the taxes, and the complainant became the purchaser, and got the sheriff’s deed, whereby he became vested with the title in the lot, and the administrators could not make a good title. He also charged, in general terms, that Cooke at his death, or the administrators since, had no good title thereto. Also, he claims credit for sundry payments not allowed on the judgments.
 

 The defendants in their answer deny that any other credit ought to be given; that the purchase of the lot was fraudulent, and the proceedings irregular and void. They aver that the title is good, and that they are ready to make it to the complainant as soon as the money is paid, the bond not requiring it sooner. On the coming in of the answer, the injunction was dissolved, and leave was given to amend the bill so as to state the defects in the title, if any. The complainant amended his bill, and obtained another injunction. La the amendment it is stated, that Henry Lyon executed a conveyance of the lot to Cooke, but denies that he ever had a legal title; that Lyon had a lottery, and Cooke and William White drew the lot as a prize in the year 1808, and Cooke sold to the complainant iia the year 1811, and executed a covenant for general warranty ; that William White is dead, and that his heirs are entitled
 
 *333
 
 to one moiety; that Cooke’s administrators have it not in their power to make a good title. To the amended bill the administrators answer, and admit that the lot was drawn as a prize in a lottery made by H. Lyon, by Cooke and William White, and that Lyon, on the 8th of October, 1808, executed to Cooke a deed of conveyance ; that William * White in his lifetime sued Cooke’s administrators, and had judgment for one half the value of the lot. The answer also states, that Lyon, on the 7th of March, 1810, gave an order to the commissioners of Carthage, to convey the lot to White and Cooke ; that the commissioners have lately executed a deed to Lyon, and that he is willing to convey to the complainant, or the defendants are willing to convey as the court may direct.
 

 Have the defendants exhibited such a title as will authorize the court to dissolve the injunction ? In the case of
 
 Meredick
 
 v.
 
 Williams,
 
 in Tennessee Reports, the point is correctly decided, as we believe. And that before a dissolution the defendant ought to exhibit a good title. In this case he only show's that Lyon has a good legal title by exhibit E, and that he is willing to convey to the complainant. The exhibit E does not appear to have been proved or registered. But if it were, the complainant cannot be required to accept a deed from Lyon, as he has a covenant for
 
 general warranty
 
 from Cooke. By accepting such a deed he would lose the benefit of his covenant of warranty from Cooke, of which the court ought not to deprive him.
 

 If the court had had before them the same discovery respecting the title, the injunction would not have been dissolved at that time.
 

 Let this injunction be continued until the further order of the court.
 

 See Moredock
 
 v. Williams, 1 Tenn. 325; King’s Digest, 4099.